UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL S. ZUMMER, | ) CIVIL ACTION NO. 17-7563 |
| Plaintiff, | ) SECTION: "J" (2) |
| v. | ) |
| JEFFREY S. SALLET, ET AL., | ) JUDGE: BARBIER |
| Defendants. | ) MAGISTRATE: WILKINSON |

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34 and Local Civil Rule 34, Defendant Federal Bureau of Investigation ("FBI")[1] shall respond to this Request within the time prescribed by the Federal Rules of Civil Procedure, and produce, or make available for inspection and copying, a copy of the documents requested, in paper or appropriate electronic format.

## INSTRUCTIONS

1.  Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

---

[1] As Defendant Federal Bureau of Investigation and the Official Capacity Defendants have declared to the Court, "Because a suit against an official in his or her official capacity is actually a suit against the employing government entity, *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985), and a suit against the Federal Bureau of Investigation is actually a suit against the United States, the sole [official capacity] defendant in this matter is the United States." *Memorandum in Support of the Official Capacity Defendants' Motion to Dismiss*, [ECF Doc. 50-1], at 1. Thus, while the Federal Bureau of Investigation is named as a defendant, the United States is a party and all items in its possession, custody, or control are subject to discovery in this matter under Fed. R. Civ. P. 34(a)(1).

1

2.       If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3.       Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.       Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

   A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5).  For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary documents exist and whether those documents have been produced or withheld.

   B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document.  If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, identify what material is not reasonably accessible and why.

5.       When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a

document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

6.      It is intended that this Request will not solicit any material which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced and is protected either by the attorney/client privilege or by the work product doctrine.  If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material. (This applies ONLY to the counel for the responding party as to this litigation, not any other attorneys or counsel involved prior to the commencement of litigation.)

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.  As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1.      *Communication*:  The term "communication" means the transmittal of information by any means.

2.      *Concerning*:  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Document*: The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. *Form or Forms*: If documents are produced as electronically stored information, they shall be produced in the following form or forms: Adobe PDF.

5. *Parties*: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

6. *The present tense includes the past and future tenses.* The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

7. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

**DOCUMENTS REQUESTED**

1. The United States' memorandum and exhibits submitted on or about September 6, 2016 to the U.S. District Court for the Eastern District of Louisiana concerning the Plaintiff's letter to Judge Kurt D. Engelhardt dated August 15, 2016.

2. All documents concerning the Plaintiff's September 16, 2016 submission to the Federal Bureau of Investigation ("FBI") Records Management Division/Information Management Division ("RMD/IMD") for authorization to release to the public his August 15, 2016 and September 6, 2016 letters to Judge Kurt D. Engelhardt (hereinafter "the Plaintiff's submissions"), including any documents concerning redactions made to the Plaintiff's submissions, directions as to the manner in which the Plaintiff's submissions should be reviewed for public release, any communications within RMD/IMD concerning the Plaintiff's submissions, communications between RMD/IMD and any entity outside the division concerning the Plaintiff's submissions, and any other communication within the Department of Justice concerning the Plaintiff's submissions.

3. All documents concerning former-FBI Director James Comey's submission to RMD/IMD for authorization to release to the public his book entitled on public release *A Higher Loyalty*, including any documents concerning redactions made to Comey's submission, directions as to the manner in which Comey's submission should be reviewed for public release, any communications within RMD/IMD concerning Comey's submission, communications between RMD/IMD and any entity outside the division concerning Comey's submission, and any other communication within the Department of Justice concerning Comey's submission.

4. All documents concerning former-FBI Deputy Director Andrew McCabe's submission to RMD/IMD for authorization to release to the public his book entitled on public

release *The Threat*, including any documents concerning redactions made to McCabe's submission, directions as to the manner in which McCabe's submission should be reviewed for public release, any communications within RMD/IMD concerning McCabe's submission, communications between RMD/IMD and any entity outside the division concerning McCabe's submission, and any other communication within the Department of Justice concerning McCabe's submission.

| | |
|---|---|
| November 1, 2019. | Respectfully Submitted, |
| | */s/ Daniel Centner* |
| | DANIEL CENTNER (La. Bar 33055) |
| | LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD |
| | 601 Poydras Street |
| | Suite 2775 |
| | New Orleans, LA  70130 |
| | Telephone: (504) 568-1990 |
| | E-mail:  dcentner@lawla.com |
| | |
| | AND |
| | |
| | ROBERT B. MCDUFF* (MS Bar 2532) |
| | 767 North Congress Street |
| | Jackson, MS 39202 |
| | Telephone:  (601) 969-0802 |
| | E-mail:  rbm@mcdufflaw.com |
| | |
| | *Counsel for Plaintiff* |
| | |
| | *Pro Hac Vice |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November, 2019, a copy of the foregoing REQUEST FOR PRODUCTION OF DOCUMENTS was served on counsel for Defendant FBI via electronic mail, at GGreene@civ.usdoj.gov and Glenn.Greene@usdoj.gov, as per agreement between the parties.

*/s/Daniel Centner*
Daniel Centner