UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL S. ZUMMER,** | * | **CIVIL ACTION NO. 17-7563** |
| **PLAINTIFF,** | * | **SECTION: "J" (2)** |
| **V.** | * | |
| | | **JUDGE: BARBIER** |
| **JEFFREY S. SALLET, ET AL.,** | * | |
| **DEFENDANTS.** | * | **MAGISTRATE: WILKINSON** |

\* \* \* \* \* \* \* \*

## RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Hardy and Rees, in their official capacities, and Defendant the Federal Bureau of Investigation (collectively, "Defendants") hereby respond to Plaintiff's Requests for Production of Documents.

### Objections To Instructions And Definitions

1. Defendants object to Plaintiff's Requests for Production of Documents to the extent that they seek to impose obligations that exceed the scope of the Federal Rules of Civil Procedure, or require responses that are not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

2. Defendants further object to Plaintiff's Definitions and Instructions to the extent they purport to encompass the entirety of the United States government, including departments, agencies and employees having no involvement with incidents at issue in Plaintiff's Amended Complaint. The government-wide search necessitated by Plaintiff's Definitions and Instructions would be oppressive, overly burdensome and overbroad, given the claims and defenses in this matter. Defendants will produce responsive, non-privileged documents from relevant offices and agencies that may reasonably be expected to have documents relevant to any party's claims or defenses in this

1

matter—specifically, the Federal Bureau of Investigation and the United States Attorney's Office for the Eastern District of Louisiana.

**3.** Defendants object to the definition of "Communication," which is defined so broadly as to include verbal or non-written communications, which are beyond the scope of Rule 34. *See* Fed. R. Civ. P. 34 (allowing requests to inspect or produce documents, electronically stored information, or tangible items).

**4.** Defendants' responses to Plaintiff's First Set of Requests for Production are made without waiving:

   a. The right to object to the competence, relevance, materiality, or admissibility as evidence of any information, or the subject matter thereof, in any aspect of this civil action or any other matter;

   b. The right to object at any time and upon any grounds to any other discovery requests;

   c. The right at any time and for any reason to revise, supplement, correct, add or to clarify these responses;

   d. The right to amend or supplement these responses if Defendants discover additional information; and

   e. Any Attorney/Client, Attorney Work Product, Deliberative Process, or other applicable privilege or protection from disclosure (*e.g.*, the Privacy Act).

### Objections Which Apply to All Requests for Production

Defendants object to the discovery requests to the extent they call for documents that are not part of the administrative record for Count Two of the Amended Complaint, the sole remaining claim in this matter. Because Plaintiff's claims are asserted under the APA, the Court is limited to reviewing the administrative record compiled by the FBI, which the agency submits as the complete

record of its proceedings. *Baker v. Bell*, 630 F.2d 1046, 1051 (5th Cir. 1980) ("Judicial review of agency action is generally limited to an examination of the agency record.").

Defendants further object to the discovery requests to the extent they call for documents that are publicly available, are already in the custody or control of Plaintiff or Plaintiff's counsel, are readily accessible to Plaintiff, or that would otherwise be less burdensome for Plaintiff to obtain than Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

## Estimated Production Timeline

Subject to the objections stated above, and stated below in response to specific Requests for Production, Defendants will produce responsive documents, not subject to privilege or other protection from disclosure, on a rolling basis beginning approximately 21 days after service of this response and will substantially complete production within 45 days after service of this response. Defendants do not anticipate permitting inspection of any documents in the possession, custody, or control of Defendants.

## REQUESTS FOR PRODUCTION

1. The United States' memorandum and exhibits submitted on or about September 6, 2016 to the U.S. District Court for the Eastern District of Louisiana concerning the Plaintiff's letter to Judge Kurt D. Engelhardt dated August 15, 2016.

   RESPONSE: Defendants object to Request for Production No. 1 because it seeks a document that is privileged or otherwise subject to protection from disclosure. This document was submitted under seal to the U.S. District Court for the Eastern District of Louisiana by the U.S. Attorney's Office for the Eastern District of Louisiana. It was not made part of the public record and has never been made public.

2. All documents concerning the Plaintiff's September 16, 2016 submission to the Federal Bureau of Investigation ("FBI") Records Management Division/Information Management Division ("RMD/IMD") for authorization to release to the public his August 15, 2016 and September 6, 2016 letters to Judge Kurt D. Engelhardt (hereinafter "the Plaintiff's submissions"), including any documents concerning redactions made to the Plaintiff's submissions, directions as to the manner in which the Plaintiff's submissions should be reviewed for public release, any communications within RMD/IMD concerning the Plaintiff's submissions, communications

between RMD/IMD and any entity outside the division concerning the Plaintiff's submissions, and any other communication within the Department of Justice concerning the Plaintiff's submissions.

> RESPONSE: Defendants object to Request for Production No. 2 to the extent that it purports to encompass departments, agencies and employees of the federal government having no involvement with events at issue in Plaintiff's Amended Complaint. Subject to this objection and the objections stated above, Defendants state that the administrative record relevant to Count Two of the Amended Complaint, the sole remaining claim in this matter, will be produced.

3. All documents concerning former-FBI Director James Comey's submission to RMD/IMD for authorization to release to the public his book entitled on public release *A Higher Loyalty*, including any documents concerning redactions made to Comey's submission, directions as to the manner in which Comey's submission should be reviewed for public release, any communications within RMD/IMD concerning Comey's submission, communications between RMD/IMD and any entity outside the division concerning Comey's submission, and any other communication within the Department of Justice concerning Comey's submission.

> RESPONSE: Defendants object to Request for Production No. 3 to the extent that it purports to encompass departments, agencies and employees of the federal government having no involvement with events at issue in Plaintiff's Amended Complaint. Defendants further object to Request for Production No. 3 as overbroad because it seeks documents that are not relevant or uniquely important to the claims and defenses in this case. Documents concerning former-FBI Director James Comey's submission to RMD/IMD for authorization to release his book—entitled, on public release, A Higher Loyalty—to the public are not "of consequence in determining" whether or not Plaintiff's First Amendment rights were violated by actions related to the refusal to permit the public release of two letters plaintiff sent to Judge Kurt D. Englehardt in relation to a criminal matter. *See* Fed. R. Evid. 401 (defining "relevance").

4. All documents concerning former-FBI Deputy Director Andrew McCabe's submission to RMD/IMD for authorization to release to the public his book entitled on public release *The Threat*, including any documents concerning redactions made to McCabe's submission, directions as to the manner in which McCabe's submission should be reviewed for public release, any communications within RMD/IMD concerning McCabe's submission, communications between RMD/IMD and any entity outside the division concerning McCabe's submission, and any other communication within the Department of Justice concerning McCabe's submission.

> RESPONSE: Defendants object to Request for Production No. 4 to the extent that it purports to encompass departments, agencies and employees of the federal government having no involvement with events at issue in Plaintiff's Amended Complaint. Defendants further object to Request for Production No. 4 as overbroad because it seeks documents that are not relevant or uniquely important to the claims and defenses in this case. Documents concerning former-FBI Deputy Director Andrew McCabe's submission to

RMD/IMD for authorization to release his book—entitled on public release, *The Threat*—to the public are not "of consequence in determining" whether or not Plaintiff's First Amendment rights were violated by actions related to the refusal to permit the public release of two letters plaintiff sent to Judge Kurt D. Englehardt in relation to a criminal matter. *See* Fed. R. Evid. 401 (defining "relevance").

Dated: December 23, 2019

                                                Respectfully Submitted,

                                                JOSEPH H. HUNT
Assistant Attorney General
Civil Division

PETER STRASSER
United States Attorney

C. SALVATORE D'ALESSIO
Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Counsel

/s/*Glenn S. Greene*
GLENN S. GREENE
(New York State Bar No. 2674448)
Senior Trial Attorney
U.S. Department of Justice, Civil Division
Constitutional and Specialized Tort Litigation
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4143
Fax: (202) 616-4314
Email: Glenn.Greene@usdoj.gov

Attorneys for Defendants Hardy and Rees, in their official capacities, and Defendant the Federal Bureau of Investigation

**CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by ECF, facsimile, or mailing the same by first class United States mail, postage prepaid on this 23rd day of December, 2019.

                  */s/Glenn S. Greene*